UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ARTIS ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Civil No. 12-70-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DAN BALLOU, in his Official Capacity as ) | **&** |
| Chief Circuit Judge, Kentucky Circuit 34, and ) | **ORDER** |
| Individually, ) | |
| ) | |
| MICHELLE WILSON JONES, in her Official ) | |
| Capacity as County Attorney for McCreary ) | |
| County, Kentucky, and Individually, ) | |
| ) | |
| RHIANNON SELVIDGE, ) | |
| ) | |
| TOM SMITH, in his Official Capacity as ) | |
| Deputy Sheriff of McCreary County, ) | |
| Kentucky, and Individually, and ) | |
| ) | |
| JEFF TERRY, in his Official Capacity as ) | |
| Employee of the McCreary County Board of ) | |
| Education, and Individually, ) | |
| ) | |
| Defendants.[1] | |

***** ***** ***** *****

This matter is before the Court on Plaintiff Artis Anderson's Motion for Temporary Restraining Order, [R. 4] which, after initial review,[2] has been construed as a motion for preliminary injunction. Before analyzing that motion, the Court notes that Anderson is

---

[1] Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), John D. Minton, Jr., in his Official Capacity as Chief Justice of the Kentucky Supreme Court and Jack Conway, in his Official Capacity as Kentucky Attorney General were voluntarily dismissed from this action by Anderson in his First Amended Complaint. [R. 6 at 2.]

[2] The Court reviewed the record, including the Complaint and the papers filed in support of the temporary restraining order, as well as the requirements of Federal Rule of Civil Procedure

1

proceeding pro se and in forma pauperis. [R. 3.] Accordingly, the Court has an obligation to screen this matter pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also Blakemore v. Delahanty*, 2010 WL 1744586 (W.D. Ky. April 27, 2010). For the reasons set forth below, the Court finds that Plaintiff's claims either lack subject matter jurisdiction, *see* Federal Rule of Civil Procedure 12(h)(3), or are caught in § 1915(e)(2)(B)'s screen and must be dismissed.

**I.**

Anderson is pursuing claims against five parties: Dan Ballou, in his Official Capacity as Chief Circuit Judge, Kentucky Circuit 34, and Individually, Michelle Wilson Jones, in her Official Capacity as County Attorney for McCreary County, Kentucky, and Individually, Rhiannon Selvidge, Tom Smith, in his Official Capacity as Deputy Sheriff of McCreary County, Kentucky, and Individually, and Jeff Terry, in his Official Capacity as Employee of the McCreary County Board of Education, and Individually. [R. 2; R. 6.]

The claims brought by Anderson are being reviewed pursuant to 28 U.S.C.§ 1915(e)(2)(B), which states that an action must be dismissed if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A complaint should be dismissed as frivolous only if it lacks an arguable basis in law or fact." *Smith v. Bernanke*, 283 F. App'x 356, 357 (6th Cir. 2008) (quoting another source). Such a complaint is composed of "factual allegations that are fantastic or delusional" or "legal theories that are indisputably meritless." *Id*. (quoting another source).

To stave off dismissal under §1915(e)(2)(B)(ii), "a complaint must contain sufficient

---

65(b), and found that issuance of an ex parte temporary restraining order was inappropriate.

factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Johnson v. City of Wakefield*, 2012 WL 2337343, at *1 (6th Cir. June 20, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Under the plausibility standard, the well-pleaded facts must permit more than the mere possibility of misconduct; they must show that the pleader is entitled to relief. A complaint that pleads facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (internal citations omitted). Nevertheless, because Anderson is proceeding pro se, his complaint is subject "to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

### A.

Anderson sued Judge Ballou in his official and individual capacities. Anderson seeks an injunction, preventing Ballou from "interfering or impairing the [marriage] contract" between Anderson and Linda Sue Selvidge Anderson. [R. 2 at 8.] Ballou allegedly violated Anderson's rights "to equal protection of the law and due process by signing a prepared Order prepared by Defendant Michele Wilson Jones." [*Id*. at 6.] The order is neither described nor attached. Those facts are all that Anderson offers in support of his claim.

Anderson's request cannot be granted. Although Anderson has filed suit against Ballou, what he actually seeks is for this Court to impede the enforcement of an order entered by a state court. Acting in that way here would directly contravene 28 U.S.C. § 2283, the Anti-Injunction Act, which prohibits a federal court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments." *See also Triplett v. Connor*, 49 F. App'x

3

586 (6th Cir. 2002); *Triplett v. Miller*, 36 F. App'x 549 (6th Cir. 2002). A forgiving reading of Anderson's Complaint does not reveal that any of the three cited grounds are implicated. Consequently, this Court is without the authority to grant the desired relief and this claim must be dismissed.

Injunctive relief against a state official in his individual capacity can be obtained, in accordance with *Ex Parte Young*, 209 U.S. 123 (1908). *See also Wallace v. Hayse*, 1 F.3d 1243 (6th Cir. 1993) (citing *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1984)). However, for *Young* to be invoked, some facts must be set forth showing that a state officer is not complying with federal law. The dearth of facts surrounding this claim necessitates a finding that this claim is implausible, and it too will be dismissed.

## B.

Anderson seeks compensatory and punitive damages from County Attorney Jones. Damages are due, Anderson claims, for two reasons. First, Jones "failed and refused to afford the Plaintiff his rights to prosecute the criminals that stole, converted, damaged, and ruined thousands of dollars worth of his property." [R. 2 at 6.] Second, Anderson claims that "Jones has a contractual arrangement with Defendant Rhiannon Selvidge to not prosecute her or . . . Jennifer Dobbs under any circumstances for anything." [*Id*.] Jones is sued in both her official and individual capacities.

The claims against Jones are barred. First, as outlined in *Boone v. Kentucky*, 72 F. App'x 306 (6th Cir. 2003) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993)), the Eleventh Amendment bars claims for monetary relief against prosecutors in their official capacities. Second, prosecutors enjoy "absolute immunity for conduct intimately associated with the judicial phase of the

4

criminal process." *Id*. (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Particularly relevant here, prosecutors are immune from liability for decisions about whether or not to prosecute someone. *Id*. (citing *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997)). This absolute immunity shields prosecutors from claims in both their official and individual capacities. *See Imbler v. Pachtman*, 424 U.S. 409, 421-31 (1979). Section 1915(e)(2)(B)(iii), therefore, provides the basis for dismissing all claims against Jones.

## C.

Anderson asserts three claims against Selvidge, seeking injunctive and monetary relief. [R. 2 at 7-8.] First, Anderson claims that Selvidge violated his civil rights, relying upon "the allegation of contractual arrangement between her and Defendant Michele Wilson Jones." [R. 2 at 7.] This claim sounds in 42 U.S.C. § 1983, which serves as a conduit allowing Anderson to argue that he has been deprived of a right (or rights) secured by the Constitution. *See Hassink v. Mottl*, 47 F. App'x 753, 754-55 (6th Cir. 2002). This claim will be dismissed because it does not meet at least one of the basic requirements for a § 1983 claim—a state actor. *Id*.; *see also McGlothlin v. Strayer Univ.*, 2009 WL 1956463, at *1 (E.D. Ky. July 6, 2009) (explaining the rare circumstances in which actions of a private actor can be considered state action). There is no allegation that Selvidge is a state actor or that she was acting under color of state law. Because one of the prerequisites to a § 1983 claim is not present, this claim must be dismissed.

Second, Anderson charges Selvidge with tortious interference with contractual relations. [*See* R. 2 at 7.] The set of facts presented permit this state law claim, *see Stratmore v. Goodbody*, 866 F.2d 189, 194 (6th Cir. 1989), to be brought in federal court only through diversity jurisdiction, 28 U.S.C. § 1332 or supplemental jurisdiction, 28 U.S.C § 1367. The latter type of jurisdiction is only available when state claims are "so related to [federal] claims in

the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367.  As set forth in the preceding and subsequent paragraphs, there are no federal claims remaining against Selvidge, and this claim is not related to claims against other parties.  Supplemental jurisdiction, therefore, is unavailable.

Diversity jurisdiction—with the requirements of diversity between parties and an amount in controversy of more than $75,000—is also unavailable.  Selvidge and Anderson are both listed in the Complaint as residing in Kentucky and there is no indication that they are domiciled elsewhere.[3]

Third, Anderson claims that Selvidge acted fraudulently in violation of 18 U.S.C. § 1343, Fraud by Wire, Radio, or Television, and 18 U.S.C. § 1952, Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises.  Neither claim has a sufficient foundation and both must be dismissed.

With regard to Anderson's § 1343 claim, the Sixth Circuit has held that there is no private right of action under § 1343. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)).  In other words, "[a] private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch." *Id*.  The exception to that rule is for § 1343 claims brought pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO).

Although Anderson does not specifically allege that Selvidge violated RICO through the use of wire fraud, *see* § 1343, and then distributed proceeds from the fraud unlawfully,

---

[3] In Anderson's Motion to Amend Complaint and attached Amended Complaint, [R. 19] he adds a claim against Jones for this same claim.  The Court will grant Anderson's motion for leave to amend his complaint under Rule 15(a)(2).  The second amended complaint only adds the new claim against Jones, and it is dismissed for the same reasons that this claim against Selvidge was dismissed.

6

*see* § 1952, he states that Selvidge executed a "scheme . . . to facilitate a meeting of [Selvidge's] mother with some man for the purpose of obtaining money." [R. 2 at 7.]  The Court surmises that Anderson desired to utilize RICO to bring these claims.  Nevertheless, the claims have not been pled with sufficient specificity and must be dismissed.

When pleading wire fraud, a party must satisfy the wire fraud pleading requirements in the context of the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud."  With respect to a wire fraud claim, particularity requires a party to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).  Additionally, some direct relationship must be shown connecting one's damages to the alleged improper conduct. *Id.* at 405 (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).  The extent of Anderson's explanation of the fraud is that a meeting was facilitated between Anderson and Selvidge's mother with the goal of garnering money.  Additional explanation is only offered regarding damages, with those totaling around $10,000. [R. 2 at 7.]  This information does not satisfy the statutory pleading requirements.  Accordingly, Anderson's § 1343 claim is dismissed.

Anderson's § 1952 claim fails for a different reason, albeit one that would also justify dismissal of his § 1343 claim.  To pursue a RICO claim, a pattern of racketeering activity must be alleged. 18 U.S.C. § 1962(b).  A pattern "requires related predicate acts of racketeering which continued during a substantial period or which by their nature forebode of future criminal conduct." *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 890 n.10 (6th Cir. 2000) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240-43 (1989).  It is without doubt

7

that a pattern has not been alleged, and thus the RICO pleading standard has not been satisfied. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (listing the pleading requirements for a RICO claim and elaborating on the requirements for pleading a pattern of activity).

**D.**

Anderson next asserts claims against Tom Smith, in his Official Capacity as Deputy Sheriff of McCreary County, Kentucky, and in his Individual capacity. The legal foundation for Anderson's claims against Smith, and even what claims are being pursued, are difficult to discern. As such, the Court wants to reiterate that Anderson's Complaint and Amended Complaint are being examined with leniency.

Anderson's first claim appears to be that Smith and Selvidge conspired to impair Anderson's contract rights in violation of Article 1, § 10 of the United States Constitution. In deciphering this claim, it seems that Anderson believes Smith, as a state actor, has acted as the state. In that capacity, Smith impaired a contractual right Anderson claims he possessed. Further analysis of this claim is unnecessary because Anderson has not alleged, and cannot show, the necessary precondition—"that a change in state law has operated as a substantial impairment of a contractual relationship." *Quick Communications, Inc. v. Michigan Bell Telephone Co.*, 515 F.3d 581, 587 (6th Cir. 2008) (quoting other sources).

A claim of false arrest is more apparent. To set forth this claim, a party must show he was arrested and that the arrest was effectuated in the absence of probable cause. *United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008) (citing another source).

Anderson claims that he was arrested "for doing nothing more than being on a public highway." [R. 6 at 7.] His arrest was purportedly the result of a conspiracy between Selvidge

and Smith, and "all of Smith's illegal acts were done in corporation [sic] with Rhiannon Selvidge." [*Id.*]  As noted above, when reviewing a complaint, facts must be pled that, if accepted as true, state a claim that is plausible, not just possible.  That distinction is particularly important here as "facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Anderson's Complaint contains no information regarding the arrest; it contains no information about the crime for which he was arrested; it contains no information identifying why he believes the arrest was conducted without probable cause.  He has done even less than recite the elements of the claim and offer conclusory statements, which the Supreme Court identified as insufficient in *Iqbal.* 556 U.S. at 678.  There is certainly the possibility that Smith acted unconstitutionally towards Anderson, but Anderson has not tendered enough information for the Court to find that he is entitled to relief. *See id*. at 679.  Utilizing "common sense" and "judicial experience," *see id*., the Court finds it implausible that Anderson is due relief on his claim of false arrest and dismisses this claim.

Next, Anderson states in conclusory fashion that a conspiracy exists involving Smith and Selvidge.  The extent of the description of the conspiracy is: "Smith entered into a conspiracy with [Selvidge]"; and, "[a]ll of Defendant Smith's illegal acts were done in corporation [sic] with Rhiannon Selvidge." [R. 6 at 7.]  By linking Smith and Selvidge, it seems that Anderson believes he can plead a 42 U.S.C. § 1985 claim.  But Anderson's Amended Complaint fails to comply with the Sixth Circuit's requirement that pleading a § 1985 conspiracy requires "at least minimum factual support of the existence of a conspiracy." *Echols v. Dow Chemical Co.*, 1986 WL 16654, at *2 (6th Cir. 1986) (quoting *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 17 (1st

9

Cir. 1979)).  There was literally no factual support offered.  Thus, this claim was not pled satisfactorily.

Anderson's final claims against Smith are unclear.  He states that Selvidge's alleged conspiracy with Smith "establishes just cause to claim that Defendant Smith also violated 18 U.S.C. §§ 2, 371, 1343, and 1952." [R. 6 at 7.]  No explanation is offered for how Smith violated § 1343, Fraud by Wire, Radio, or Television, and § 1952, Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, independently of Selvidge, and so the Court presumes that the factual basis for this claim is the same.  The reasoning used above for dismissing those statutory claims applies with equal force here, and so they are dismissed.

Claims under the remaining two statutory sections are also dismissed.  18 U.S.C. § 2 "does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime." *United States v. Tiller*, 2000 WL 1888796, at *2 (6th Cir. Dec. 22, 2000).  Being there is no substantive offense, there can be no aiding and abetting.[4]  And finally, § 371 does not contain a private right of action. *Hurst v. Voinovich*, 1996 WL 636167, at *1 (6th Cir. Oct. 30, 1996).

### E.

Jeff Terry is listed as an employee of the McCreary County Board of Education.  Anderson brought claims against him for violating Kentucky statutes—most of which are located in Chapter 620, Dependency, Neglect, and Abuse, of the Kentucky Revised Statutes (KRS). [R. 6 at 3-6.]

---

[4] In addition, several courts have held that there is no private right of action for aiding and abetting a RICO claim. *See HMV Properties, LLC v. IDC Ohio Management, LLC*, 2011 WL 53166, at *14 (S.D. Ohio January 6, 2011) (citing *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 657 (3d Cir. 1998)); *see also Davis v. Ramen*, 2008 WL 3970869, at *3 (E.D. Cal. Aug. 22, 2008) (citing *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges,* 248

10

These claims, regardless of the strength of the facts supporting them, cannot be heard in federal court: "federal courts are courts of limited jurisdiction" and only have power to hear cases that are "authorized by Constitution and [federal] statute." *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Furthermore, "it is to be presumed that a cause [of action] lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (quoting *Kokkonen*, 511 U.S. at 377).  "The plaintiff's burden . . . is not onerous," but an "arguable basis in law for the claim" must be demonstrated.  *Id*. (quoting *Musson Theatrical v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996)).

Anderson has made no showing that a federal cause of action exists against Terry.  He has failed to cite any federal statute that would confer jurisdiction.  Furthermore, two primary sources of federal jurisdiction—28 U.S.C. § 1331, Federal Question, and 28 U.S.C. § 1332(a), Diversity of Citizenship—are not obviously implicated by any of Anderson's claims.  Based on the preceding discussion, this Court finds that it lacks jurisdiction over Anderson's claims against Terry.

### III.

While screening Anderson's pleadings, the Court has also reviewed Anderson's Motion for Appointment of Counsel [R. 28.].  Anderson's motion will be denied.

Much of Anderson's motion is devoted to substantive legal arguments against a motion to dismiss filed by Jack Conway and Dan Ballou. [*Id*. at 1-3.]  When Anderson eventually requests counsel, he does so because he accuses Conway and Ballou of "attempting to deceive and mislead the Court." [*Id*. at 3]  He explains that counsel is needed "to ensure that every 'i' is

---

F.Supp.2d 17 (D.D.C., 2003); *Dugar v. Coughlin,* , 613 F.Supp. 849 (S.D.N.Y. 1985)).

dotted and every 't' is crossed to avoid a dismissal based upon some unforeseen irregularity in the pleadings." [*Id.*] Furthermore,

> [c]ounsel is needed to work closely with the United States Attorney's Office to insure that the criminal activity of Defendants is uncovered and exposed. The Plaintiff firmly believes that there were criminal conspiracy considerations that the Defendants have acted as they have or failed to act in the manner that they should [sic]. [*Id.*][5]

Anderson's right to counsel in this situation is limited because the Constitution does not guarantee a right to counsel in civil matters. *Hayes v. Wright*, 111 F. App'x 417, 419 (6th Cir. 2004) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Instead, appointment of counsel for indigent parties rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." *Id.* (quoting other sources). Appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606. "[T]he type of case and the abilities of the plaintiff to represent himself," *id.* (quoting another source), as well as the "complexity of the factual and legal issues involved," *id.* (quoting another source), are especially important considerations. But, when a "pro se litigant's claims are frivolous or when the chances of success are extremely slim," appointment is not advisable. *Id.* (citing other sources).

Anderson's case is not the type of "exceptional circumstance" in which counsel should be appointed. Anderson's pleadings and motions indicate he has analytical abilities sufficient to examine facts and law, and he is a capable communicator. While some of the potential legal issues could be complex, the facts are missing that implicate those issues. And the facts do not appear to be missing only because of Anderson's lack of investigative abilities. *See Wilson v.*

---

[5] Anderson's motion for counsel was opposed [R. 29], and so Anderson filed a reply brief [R. 30]. In that reply, Anderson largely just reiterated the arguments made in his motion.

*Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The overarching problem with appointing counsel is that Anderson's claims do show signs of being meritorious. That is, Anderson's claims largely lack both factual and legal support, and the Court concludes that appointment of counsel is not warranted.

IV.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Plaintiff Artis Anderson's federal claims against all Defendants are **DISMISSED WITH PREJUDICE**;

(2) Any claims under state law arising from the facts described in the pleadings are **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff's Motion for Appointment of Counsel [R. 28] is **DENIED**;

(4) Plaintiff's Motion for Temporary Restraining Order [R. 4] is **DENIED**;

(5) Plaintiff's Motion to Amend Complaint [R. 19] is **GRANTED**;

(6) All remaining pending motions are **DENIED** as moot;

(7) All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket; and

(8) Judgment in favor of the named Defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This 24th day of July, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge